IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00471-RBJ-BNB

KEN DOMANSKI,
RICHARD JONES,
JASON KIRBY,
SCOTT KLOBERDANZ,
MICHAEL MARSOLEK,
RICK MERCADO,
DAVID MORRISON,
VICTOR PFEFER,
VINCE SODERQUIST, and
ELLIOTT AUTO SUPPLY CO.,

Non-Party Movants,

v.

GENERAL PARTS DISTRIBUTION LLC d/b/a CARQUEST AUTO PARTS AND GENERAL PARTS, INC.,

Respondent.

_____

**ORDER**
_____

This matter arises on **Non-Parties . . . Motion to Quash Deposition Subpoenas and for Protective Order** [Doc. # 2, filed 2/21/2013] (the "Motion to Quash"), which is GRANTED IN PART and DENIED IN PART as specified.

There is an underlying action in the United States District Court for the Eastern District of North Carolina in which General Parts has sued Jennison Perry, a former employee, for breach of a contractual non-competition agreement, misappropriation of trade secrets, and tortious interference with contractual relations and prospective business advantage. Mr. Perry now works for a competitor of General Parts, Elliott Auto Supply ("EAS"), as a regional director of

store operations in the Denver, Colorado, area.

The parties are embroiled in discovery disputes in at least three forums--the Eastern District of North Carolina, the District of Minnesota, and here.  I am informed that discovery has closed in the underlying action, but that the parties have or may seek to reopen discovery and extend the discovery cut-off.

The issue before me concerns deposition subpoenas directed to Colorado employees of EAS who are either Mr. Perry's supervisors or subordinates.  Depositions of the EAS employees are sought concerning whether Mr. Perry is soliciting for EAS the same customers he serviced for General Parts and/or improperly using General Parts' trade secrets.

General Parts served notices of depositions on February 1, 2013, for the depositions of the following third-party witnesses, all of whom are employees of EAS: Ken Domanski, Richard Jones, Jason Kirby, Scott Kloberdanz, Michael Marsolek, Rick Mercado, David Morrison, Victor Pfefer, and Vince Soderquist.  Subpoenas commanding the attendance of the third party witnesses were served only on Messrs. Kirby, Marsolek, Mercado, and Soderquist.  Service on Mr. Mercado was made less than 48 hours before the deposition was to occur.  No service was made, or the service was ineffective, on the remaining third-party witnesses.[1]

The third-party witnesses seek an order quashing the subpoenas and for a protective order arguing that they did not receive notice of the depositions within the time required by D.C.COLO.LCivP 30.1,which states:

---

[1] In two instances the subpoenas purportedly were served by posting them on a door, and in a third instance service was purportedly accomplished by serving the witness' wife.  Rule 45(b)(1), Fed. R. Civ. P., requires personal service on the witness, however, as follows: "Serving a subpoena requires delivering a copy to the named person. . . ."

2

> **A. Reasonable Notice; Scheduling.** Unless otherwise ordered by the court, "reasonable notice" for the taking of depositions shall be not less than 14 days, as computed under Fed. R. Civ. P. 6. Before sending a notice to take a deposition, counsel or the pro se party seeking the deposition shall make a good faith effort to schedule it be agreement at a time reasonably convenient and economically efficient to the proposed deponent, all counsel of record, and pro se parties.

Notices of deposition are served on counsel for parties. See Fed. R. Civ. P. 30(b)(1) (requiring that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party"). They are not required to be served on third-party witnesses. That is the function of a subpoena under Fed. R. Civ. P. 45. Rule 45 does not specify the amount of time in advance of appearance a subpoena must be served, but our local rule of practice, D.C.COLO.LCivR 45.1, does. It provides:

> Unless otherwise ordered by the court, a subpoena shall be served at least 48 hours before the time for appearance set in the subpoena. The 48 hours shall be calculated in accordance with Fed. R. Civ. P. 6(a)(2).

The facts are undisputed. All notices were served on counsel for the parties more than 14 days in advance of the depositions, but effective subpoenas were served 48 hours or more in advance of the depositions only on Messrs. Kirby, Marsolek, and Soderquist. Consequently, the Motion to Quash is granted with respect to the remaining third-party witnesses due to General Parts' failure to comply with the service requirement of D.C.COLO.LCivR 45.1.

The third-party witnesses also argue that the discovery is unduly burdensome because they are commissioned sales people and the appearance at a deposition is estimated to cost each of them $300 to $350 per day. The Federal Rules of Civil Procedure recognize that appearing for a deposition may impose a financial burden on a witness, and mitigate that burden by

requiring the payment to the witness of a mileage and daily witness fee stipend.  See Fed. R. Civ. P. 45(b)(1).

Here, I find that the testimony sought from the third-party witnesses is relevant to General Parts' claims in the underlying action or reasonably calculated to lead to the discovery of admissible evidence.  Attendance of the witnesses for their depositions, expected to last approximately two hours each, poses no special burden on the witnesses and is adequately addressed by the payment of the required travel allowance and witness fees.

I am informed that discovery has closed under the scheduling order entered by the district court in the Eastern District of North Carolina.  The depositions allowed here may proceed only to the extent that they are not prohibited by that court.

IT IS ORDERED that the Motion to Quash [Doc. # 2] is GRANTED IN PART and DENIED IN PART as follows:

(1) GRANTED with respect to Messrs. Domanski, Jones, Kloberdanz, Mercado, Morrison, and Pfefer.  As to them, the discovery shall not be had unless notice is properly given, subpoenas are timely served, and the discovery is not prohibited by the Eastern District of North Carolina; and

(2) DENIED with respect to Messrs. Kirby, Marsolek, and Soderquist, who shall appear and testify in accordance with the commands of the subpoenas at a date and time as may reasonably be agreed, provided the discovery is not prohibited by orders of the United States District Court for the Eastern District of North Carolina.

Dated March 18, 2013.

                                            BY THE COURT:

                                            /s/ Boyd N. Boland
                                            United States Magistrate Judge